GRISBAUM, Judge.
This writ of mandamus addresses an apparent conflict pursuant to the Louisiana Public Records Act and the statutorily mandated Work Product Rule. We affirm in part and set aside and vacate in part.

ISSUES

We are called upon to determine two specific questions:
(1) Whether the appellate court has jurisdiction, and
(2) Whether the Work Product Rule prevents any specific items from being disclosed in face of the Public Records Act.

BASIC RECORD FACTS AND PROCEDURAL HISTORY

Nicholas Trenticosta, plaintiff, is counsel for Tyronne Lindsey. Lindsey is currently a death row inmate, whose conviction has been affirmed by the Louisiana Supreme Court in State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798, reh’g denied, 495 U.S. 966, 110 S.Ct. 2579, 109 L.Ed.2d 761 (1990). In December 1992, plaintiff sent John Mamoul-ides, District Attorney for Jefferson Parish, a letter seeking to inspect and copy the public records in his custody and control regarding the investigation, arrest and prosecution of Tyronne Lindsey.
In February 1993, defendant allowed plaintiff (both parties acting through agents) to examine and copy certain files. The defendant withheld information in two folders (See Appendix), claiming such information was covered by the Work Product Rule.
On March 30,1993, plaintiff filed a petition in the district court for -writ of mandamus pursuant to La.R.S. 44:35 requesting the court to compel the defendant to disclose the records. The case was heard on May 10, 1993. After taking the case under advisement, the court refused to issue a "writ of mandamus. This appeal follows.
ANALYSIS — ISSUE ONE'
The defendant asserts jurisdiction of this Court is not proper because La. Const, art. V, § 5(D)(2) provides for appeal to the state supreme court when: “the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.”
Defendant also contends in brief that “when taken at face value, this action is actually an appeal of the denial of Tyronne Lindsey’s post-conviction relief application in a separate, criminal capital murder case.” Defendant -submits this petition for mandamus is properly considered a criminal matter and this Court is without jurisdiction.
We find the petition is only for inspection and access to information contained in the district attorney’s records. The mandamus petition does not contain one iota regarding denial of Tyronne Lindsey’s post-conviction relief. Ergo, we maintain jurisdiction pursuant to La. Const, art. I, § 19; art. V, § 10; and La.Code Civ.P. art. 2083.
ANALYSIS — ISSUE TWO
The plaintiff asserts that, under Lemmon v. Connick, 590 So.2d 574 (La.1991) and Harrison v. Norris, 569 So.2d 585 (La.App. 2d Cir.1990), writ denied, 571 So.2d 657 (La.1990), La.R.S. 44:3 allows disclosure of the district attorney’s records pertaining to criminal litigation after the criminal litigation is finally adjudicated. Plaintiff contends, because Tyronne Lindsey’s conviction is final that access to all records is possible.
We note that the finality of a conviction does not warrant open season on every item in the district attorney’s files. We call to plaintiffs attention Section 2 of Acts 1978, No. 686: “The provisions of this Act shall not *788 apply to any writings, records or other accounts that reflect the mental impressions, conclusions, opinions or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial.”
We find this provision encompasses ■ a Work Product Rule for district attorneys. The purpose of the Work Product Rule is not merely to assist the client in obtaining complete legal advice, but also to afford the attorney a “zone of privacy” within which he is free to evaluate and prepare his case without adversarial scrutiny. See Hodges v. So. Farm Bureau Casualty Ins. Co., 433 So.2d 125 (La.1983).
Although we recognize the “client” of a district attorney is not the same as a client of a private attorney, we conclude the district attorney and his assistants are entitled to the same protection in which to prepare their cases. In addition, La.R.S. 44:3(D) states, “Nothing in this section shall be construed to prevent any and all prosecutive, investigative, and law enforcement agencies from having among themselves a free flow of information for the purpose of achieving coordinated and effective criminal justice.”
We also find such a disruption of privacy in which a district attorney prepares a case, no matter how long after the fact, could violate the provisions of this Act. For instance, if a district attorney knows his mental impressions and work product will some day be subject to disclosure when a conviction is final, it certainly would have an affect in the free flow of information while a prosecution is pending.
Accordingly, we conclude the following items listed as being retained are not subject to disclosure via the Work Product Rule:
(a) Item No. 10 ... Prosecutorial handwritten notes to the file in trial preparation
(b) Item No. 12 ... Research file
(c) Item No. 13 ... Jury panel, jury list and Assistant District Attorney’s notes for voir dire
(d) Item No. 14 ... State’s witness list and the Assistant District Attorney’s notes regarding witnesses
(e)Item No. 18 ... Interoffice Memorandum — JPSO regarding fingerprint comparison
Finally, regarding the remaining request, we rule as follows, to-wit:
(A) Grand Jury Testimony
Both the United States Supreme Court and the Louisiana Supreme Court have recognized the importance of the secrecy of grand jury proceedings. There is a strong public policy in favor of openness in civil as well as criminal discovery, and grand jury transcripts often provide many relevant facts. Thus, courts must balance two competing forces. See State v. Trosclair, 443 So.2d 1098 (La.1983), cert. denied, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). The United States Supreme Court and the Louisiana Supreme Court have followed basically the same approach in that the indispensable secrecy of grand jury proceedings must not be broken except when there is a compelling necessity. See United States v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) and State v. Ates, 418 So.2d 1326 (La.1982).
In determining disclosure, the party seeking disclosure has the burden of proving that the need for disclosure outweighs the continuing need for secrecy. A general claim that disclosure of grand jury transcripts will reveal exculpatory evidence or evidence of perjury is usually not sufficient to satisfy the requirement of showing a particularized need. See State v. Trosclair, supra. Plaintiff has failed to allege any specific facts illustrating any great prejudice or injustice he (or Tyronne Lindsey) would suffer; thus, we cannot say the trial court abused its discretion in disallowing disclosure.
(B) Rap Sheets of Lester Thomas, Joseph Smith, Darryl Smith, and Michael Vincent
These items do not need to be disclosed by the district attorney because the records of arrest and conviction are available to the public (if conviction is final) and may be obtained by the defense under the Public Records doctrine, La.R.S. 44:3, by request from the proper custodian, not the district *789 attorney. See also State v. Sanders, 357 So.2d 1089 (La.1978).

(C)Voluntary Statements of Lester Thomas, Joseph A. Smith, Michael Vincent, Walter Lucas, John Knopf, Stephen Dirks, and Richard Alexander

Defendant claims these are not subject to disclosure because they are covered by the Work Product Rule. We find these statements meet the definition of a public record defined in La.R.S. 44:1(A)(2) as follows:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt of payment of any money received or paid by or under the authority or the constitution or the laws of this state, are “public records,” except as otherwise provided in this Chapter or as otherwise specifically provided by law.
We do not see where these documents would be excluded under La.R.S. 44:3(A) exemptions. Nor has the State shown why disclosure should be maintained. We note that the burden of proof regarding disclosure differs than that of grand jury testimony, see Dutton v. Guste, 395 So.2d 683 (La.1981), in that the burden is on the custodian to sustain his actions. Thus, these statements are subject to disclosure.
(D) Police Reports from Harbor Police, NOPD, the DA’s Copy of Police Report, and Homicide Report from F. Edward Hebert Hospital Moryue, Lab Report of Spent Projectile
Initially, we see the trial judge placed the burden on the requesting party. We disagree. La.R.S. 44:3 provides the initial police report is a public record. Specifically, the district attorney’s copy may reflect work product (mental impressions). However, it was the district attorney’s burden of proof to establish why disclosure should be kept. This was not done. The plaintiff contends he is entitled to the rest of the reports because the language in La.R.S. 44:3(A)(1) no longer applies since this is not a pending criminal litigation. Reading La.R.S. 44:3(A)(4)(a) we find all subsequent police reports can be disclosed because Lindsey’s conviction is final. Included in these arrest records would also be the signed rights of arrestee forms for Lester Thomas, Tyronne Lindsey, and Joseph Smith (Item No. 2 on list).
(E) The Juvenile Records of Tyronne Lindsey
According to La.Ch.C. art. 412(A)(5)
All records and reports of the court, probation officers, and law enforcement agencies concerning matters or proceedings in court are confidential and shall not be disclosed, except:
The delinquency record upon written waiver by a person seventeen years of age or older who has been the subject of a delinquency proceeding pursuant to Title VIII.
The trial court did not err in refusing to order the State to turn these records over to plaintiff because there was no compliance with the statutory scheme in that the record does not contain a written waiver from Tyr-onne Lindsey.
(F) The Empty Evidence Envelopes
There is no reason for not disclosing the empty evidence envelopes because they meet the definition of a public record under La. R.S. 44:1. Again, to maintain disclosure, the custodian bears the burden of proof to keep these items undisclosed. Since the district *790 attorney did not meet his burden of proof, these items are subject to disclosure.
For the reasons assigned, we recast the trial court’s judgment of June 16, 1993 in that we affirm certain aspects of that generalized judgment and set aside and vacate in part other aspects as prescribed in this opinion.

AFFIRMED IN PART AND SET ASIDE AND VACATED IN PART.

APPENDIX

TYRONNE LINDSEY

TOPICAL LIST OF ITEMS RETAINED FROM FILE ON DISCOVERY:

1. District Attorney s copy of police report
2. Copies of signed Rights of Arrestee forms for Lester Thomas; Tyronne Lindsey; and Joseph Smith
Lab report of spent projectile w
Empty evidence envelopes ^
Voluntary statement and rap sheet of Lester Thomas lO
6. Voluntary statement and rap sheet of Joseph A. Smith
7. Rap sheet of Darryl Smith
8. Juvenile record of Tyronne Lindsey
9. Voluntary statement and rap sheet of Michael Vincent
10. Prosecutorial handwritten notes to the file in trial preparation
11. Grand Jury Testimony
12. Research file
13. Jury Panel, jury list and Assistant District Attorney’s notes for voir dire
14. State’s witness list and Assistant District Attorney’s notes regarding witnesses
15. Voluntary statements of Walter J. Lucas; John Knopf; Stephen Birks; and Richard Alexander
16. Police reports from Harbor Police and New Orleans Police Department
17. Homicide report from F. Edward Hebert Hospital morgue
18. Interoffice memorandum — JPSO regarding fingerprint comparison