Dear Mr. House:
This opinion is in response to your request for clarification of Attorney General Opinion 01-436. Your request inquires about the presumption a confidentiality agreement may create in determining if documents or records are deemed confidential in nature. This office would also like to recognize that the custodian of the documents is the proper party to make any determination of confidentiality.
The Louisiana Supreme Court has determined the right of access to public documents is a fundamental right of all citizens. Landis v.Moreau, 2000-1157 (La. 2/21/01), 779 So.2d 691. Any prior confidentiality agreements or lack thereof, is irrelevant when determining whether the documents in question qualify under exemptions to public records law.
Our law which mandates this fundamental right is applicable to documents and records which are not confidential in nature. Specifically LA.R.S. 44:31B(1) states: "Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce, or obtain a reproduction of any public record." The phrase, "[e]xcept as otherwise provided," refers to LA.R.S. 44:4(3), which states: "[t]his Chapter shall not apply To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters, letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential." LA.R.S. 44:4(3) is one example where this fundamental right does not exist.
It is important to note the right cannot be extinguished unless the custodian determines the documents are confidential in nature. LA.R.S.44:31(2) states: "The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian." LA.R.S. 44:1A(3) defines a custodian as: "the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records."
The statutory language of LA.R.S. 44:4(3) dictates the elements to consider when making a decision on confidentiality. Whether there is a confidentiality agreement or not, the custodian must base all decisions on requirements set out in the above-mentioned controlling statute.
This office formally amends our previous opinion by recognizing that the corporation does not make the final determination of the nature of confidentiality. A presumption of confidentiality should not be based exclusively on the execution of a confidentiality agreement.
This opinion should answer your specific questions regarding our original opinion, and should provide a more detailed interpretation of the law on these issues. Please contact our office if you have any further questions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ CHARLES H. BRAUD Jr. Assistant Attorney General
RPI/CHB:mjb
DATE RELEASED: January 22, 2003