Dear Ms. Tucker:
Our office received an opinion request from you concerning the Louisiana Public Records Act. More specifically, the St. Charles Parish Council (Council) requested an opinion regarding the withholding and/or destruction of documentation by Councilmembers related to a public record request. After speaking with you for further clarification, we understand that the Council wants an opinion as to whether a handwritten note made by one Councilmember is a public record subject to production.
The right of access to public information is guaranteed by La.Const. Art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access. Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984); Landis v. Moreau, 00-1157 (La. 2/21/01); 779 So.2d 691. Unless an exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records. La.R.S.44:31.
You have asked whether a handwritten note made by one Councilmember pertaining to another Councilmember is a public record.
"Public records," as defined by La.R.S. 44:1 (A)(2)(a), include:
 [a]ll books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or *Page 2 
other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state . . . except as otherwise provided in this Chapter or the Constitution of Louisiana.
The issue as to whether or not the handwritten note made by a Councilmember is a public record depends on whether the document was used, prepared, possessed or retained for use in the conduct, transaction, or performance of business which the public official conducts as part of their official duties. Our office has previously opined that:
 We do not believe that the Legislature meant to include everything (e.g. memo, work papers) which any public official may happen to reduce to writing. It is our opinion that the statute, R.S. 44:1, includes only those writings which are used in the performance of the functions of the public body.
La. Atty. Gen. Op. No. 79-242. [Citing Attorney General's Opinion of January 31, 1974.]
This is consistent with the court's view in Bartels v. Roussel, which held "all records, writings, memoranda and papers, etc. relative to anybusiness transaction required by law is a public document open to inspection." 303 So.2d 833, 838 (La.App. 1 Cir. 1974) [Emphasis added].
In analyzing whether all documents contained in the personnel folder of a teacher in La. Atty. Gen. Op. No. 79-242 were public records, our office stated that documents are "subject to public access only if the information is deemed relevant to the functioning of the public body."
[Emphasis added]. Our office advised in La. Atty. Gen. Op. No. 90-364 that only that information in the personnel files of former employees of the sheriff's office which are deemed relevant to the functioning of thepublic body are public records subject to the retention requirements under the Public Records Act.
Based on the information provided to our office, it does not appear that the handwritten note made by one Councilmember is relevant to the functioning of the Council, and is therefore not a public record subject to disclosure under the Public Records Act. Writings which are used in the performance of the functions of the public body must be retained, but it is our understanding that the note in question was not made in relation to the transaction or function of Council business. *Page 3 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB