Dear Mr. Fanning:
Our office received an opinion request from you on behalf of the Jefferson Parish School Board (Board) concerning whether certain documents and proposals, confected during collective bargaining negotiations between the school board's negotiator and the representatives of the Jefferson Federation of Teachers (JFT), are public records subject to disclosure under the Public Records Act.
The following recites the facts, as provided in your letter, which gave rise to the opinion request: The JFT is a union recognized by the Board. The contract between the JFT and the Board was due to be revised and renewed this year, and the Board retained an attorney to handle negotiations on behalf of the Board. At the outset of these negotiations, the parties established ground rules for conducting the collective bargaining negotiations. Among these ground rules was the agreement that neither side would provide information or disclose proposals or positions to the press or to the public until the union membership and the Board had an opportunity to consider and vote on a complete contract package.
Your letter states that on September 23, 2009, a proposed contract was drafted and it was agreed that the JFT negotiators would present the proposal to their membership on October 6, 2009, when it would be explained and presented for a ratification vote. It was also agreed that if the bargaining unit ratified the proposal, it would be presented to the Board for acceptance on October 7, 2009.
On September 29, 2009, the attorney retained by the Board to handle the contract negotiations briefed the Board on the progress of negotiations. This briefing took place *Page 2 
in closed session pursuant to La.R.S. 42:6.1(A)(2).[1] At this time, copies of the proposal were not distributed. The attorney explained the confidential nature of the proposal and directed the Board members not to disclose any details of the contract until such time as the union leaders had the opportunity to brief the bargaining unit members on the contract terms and allow the members to vote on the proposal.
On October 2, 2009, a public records request was made for a copy of the proposal. This request was denied by the attorney hired by the Board to negotiate the contract, with the statement that the proposed contract would be discussed by the Board in executive session on October 7, 2009, and the Board would then vote in open session whether to accept or reject the contract. The denial emphasized that disclosure of the negotiations prior to the union meeting would undermine what they sought to accomplish, namely, a contract that everyone agreed on.
You have asked our office for an opinion as to (1) whether the proposed contract regarding collective bargaining is exempt from production under the Public Records Act, when such an agreement was not yet finalized and approved by the JFT and the Board, and (2) whether the contract proposal was, in fact, a public record held by a public body for purposes of the Public Records Act when the Board members did not yet have copies of the proposal.
The first issue you have asked us to address is whether the proposed contract between the Board and the JFT is exempt from production under the Public Records Act, when such an agreement was not finalized and approved by the JFT and the Board.
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access.[2] Unless an exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records.[3] *Page 3 
A "public record" is defined by the Public Records Act as including:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state . . . except as otherwise provided in this Chapter or the Constitution of Louisiana.[4]
La.R.S. 44:4.1 contains a list of statutes that the legislature recognizes as exceptions or limitations to the Public Records Act, and are incorporated into Chapter 44 by reference. La.R.S. 44:4.1(B)(25) cites La.R.S. 42:6.1 as one such recognized exception or limitation.
Specifically related to the subject of this opinion request, La.R.S. 42:6.1(A)(2) provides that a public body may enter into executive session for the purpose of discussing:
Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
La.R.S. 42:6.1(A)(2) very clearly permits an executive session to be held for purposes of discussing strategy or negotiations with respect to collective bargaining when an open meeting would have a detrimental effect on the bargaining position of the public body. Consequently, if the public body deems that an open meeting to discuss a contract proposal pertaining to collective bargaining would be detrimental to the bargaining position of the public body, the legislature has determined that the public does not have the right of access to such discussion. As the legislature incorporated La.R.S. 42:6.1 in the list of exceptions to the Public Records Act, it follows that documents created and discussed pursuant to this exception would be exempt from production under the Public Records Act as long as the disclosure of such information would have a detrimental effect on the bargaining position of the public body. However, *Page 4 
after negotiations have finished, any documents resulting from a successful or failed negotiation are public records subject to disclosure.
At what point does the exception expire, or in other words, at what point in the process would disclosure have a detrimental effect on the bargaining position of the public body? If changes can still be requested by the public body or the contract could be wholly rejected by the public body, disclosure could have a detrimental effect on the bargaining position of the public body.
The situation you have presented, where one party (JFT) has approved the contract and the other party (Board) is convened for purposes of discussing and voting on the contract, concerns a situation where negotiations are technically still ongoing. Before the Board has voted to accept the contract, changes may still be proposed. Negotiations are not finalized when one party still has the opportunity to ask for additional modifications. Once the Board affirmatively votes to accept the contract, then both parties have agreed to the terms contained within and disclosure could no longer have a detrimental effect on the bargaining position of the public body. At this point the exception expires, consequently making the contract available for public inspection.
Your request voiced concerns about the fact that after the Board came out of executive session, the Board indicated that it had no problem with the contract and wished for no changes to be made. According to information provided by you, members of the press felt entitled to view the record at this time, before the Board voted on it, since the Board stated that they did not wish to make any changes.
The Board's acceptance of the document at issue could only be accomplished by an affirmative vote of the Board at an open meeting. Until such time that the Board makes a vote to accept, the contract is not binding on either party, even though the JFT has voted to approve it. Even though the Board may have verbally indicated that it does not have a problem with the contract in its current form, it has the right to request changes or reject the contract altogether. For this reason, it is the view of this office that the contract was not subject to public inspection under the Public Records Act until the JFT and the Board affirmatively voted to accept the document.
The second issue you have asked us to address is whether the contract proposal could be considered as being held by a public body for purposes of Title 44, when the only person associated with the Board who had a copy was the attorney retained by the Board to negotiate the agreement with the JFT.
Again, as previously mentioned and cited above, the definition of a "public record" includes any document which has been used, is in use, or prepared, possessed or retained for use in the conduct, transaction, or performance of any business of a public body. The definition contemplates records created by a public body in the conduct or transaction of its business, as well as any records created under the authority of an ordinance, regulation, mandate or order of a public body. *Page 5 
From the information provided to our office, the individual with physical custody of the document at issue was retained by the Board to handle negotiations on behalf of the Board. In the process of negotiating on behalf of the Board with the JFT, a document was created. The contents of this document were discussed with the Board, but a physical copy was never distributed to the Board members. Irrespective of the fact that the Board members did not have a physical copy of the proposed contract at the time the public records request was made, the document was prepared, possessed or retained for use in the conduct of the Board's business and done pursuant to a request by the Board to negotiate the contract between the JFT and the Board. Thus, it is the opinion of this office that it fits within the definition of La.R.S. 44:1(A)(2)(a).
However, as noted previously, although this document qualifies as a public record under the Public Records Act, it would not be subject to production pursuant to La.R.S. 44:4.1(B)(25) as long as disclosure of the document would be detrimental to the bargaining position of the public body.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY:__________________________
Emalie A. Boyce
Assistant Attorney General
JDC: EAB
[1] La.R.S. 42:6.1(A)(2) permits a public body to go into executive session to discuss "strategy sessions or negotiations with respect to collective bargaining . . . when an open meeting would have a detrimental effect on the bargaining . . . position of the public body."
[2] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984);Landis v. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[3] La.R.S. 44:31.
[4] La.R.S.44:1(A)(2)(a).