Judge Terri F. Love
This appeal arises from the trial court's judgment ordering the Orleans Parish District Attorney to produce certain charge conference sheets in redacted form. We find the District Attorney failed to carry its burden of proving that refusal to disclose the charge conference sheets in their entirety was warranted. Additionally, he has not shown that the trial court abused its discretion in ordering an in camera inspection of the charge conference sheets or that the trial court's factual findings are manifest error. Therefore, we affirm the trial court's judgment and order the trial court to conduct a hearing to assess and award Ms. Beasley reasonable attorney's fees and other litigation costs pursuant to La. R.S. 44:35(D).
PROCEDURAL HISTORY AND FACTUAL BACKGROUND
Emily Beasley ("Ms. Beasley") is a private investigator retained by pro bono counsel representing Steven Williams ("Mr. Williams") in post-conviction proceedings. Mr. Williams was convicted on January 9, 2013, of the April 3, 2006 murder of Demarcus Jordan. The State's conviction of Mr. Williams relied on the testimony of a single eyewitness. At the time the murder occurred, Mr. Williams was 17 years old, and the charges against him were twice refused between 2006 and 2009. Counsel for Mr. Williams claims that it remains unknown what exculpatory facts led to the charges against Mr. Williams initially being refused only to be accepted when presented a third time.
Ms. Beasley made a public records request of Leon Cannizzaro, in his official capacity as the District Attorney for Orleans Parish ("District Attorney"), for documents relating to the screening, investigating, and prosecution of Mr. Williams. In response to Ms. Beasley's request, the District Attorney provided a "privileged list" identifying 38 items which his office claimed were being withheld pursuant to La. R.S. 44:4.1(C). Among the items withheld were charge conference sheets identified as items 22, 31, and 34.
*636 Ms. Beasley thereafter filed a petition for writ of mandamus seeking a court order directing the District Attorney to produce the charge conference sheets. The District Attorney opposed the petition asserting that the charge conference sheets constitute privileged work product. The trial court thereafter issued a judgment ordering the District Attorney to produce to the trial court for an in camera inspection the charge conference sheets identified as items 22, 31, and 34 in the privileged list attached to the petition for writ of mandamus.
Following the in camera inspection, the trial court granted Ms. Beasley's petition for a writ of mandamus. In the April 2018 judgment granting Ms. Beasley's petition, the trial court ordered the District Attorney to redact certain information and ordered the District Attorney to produce all other documents requested. The District Attorney files this timely appeal.
STANDARD OF REVIEW
"[A] district court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review." St. Bernard Port, Harbor and Terminal District v. Guy Hopkins Construction Co., Inc. , 16-0907, p. 4 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 10 (citing Hess v. M & C, Inc. , 14-962, p. 3 (La. App. 3 Cir. 2/11/15), 157 So.3d 1200, 1203 ). In this case, the District Attorney challenges the trial court's factual finding as to what constitutes privileged information in order to be considered exempt from a public records request. The trial court determined that only portions of the charge conference sheets constitute attorney work product, which can be redacted. Accordingly, this Court reviews the trial court's factual findings under a manifest error standard of review. Roper v. City of Baton Rouge/Parish of East Baton Rouge , 16-1025, p. 13 (La. App. 1 Cir. 3/15/18), 244 So.3d 450, 460 (finding determination of whether defendants produced all non-exempt documents responsive to a public records request is a factual determination and subject to manifest error standard of review); See also Kimpton Hotel & Restaurant Group, Inc. v. Liberty Mut. Fire Ins. Co. , 07-1118, 07-1209, 07-1310, p. 7 (La. App. 4 Cir. 12/19/07), 974 So.2d 72, 77 (reviewing the trial court's determination that materials are not privileged and protected by the work product doctrine under an abuse of discretion).
DISCUSSION
The Louisiana Supreme Court "has determined that the right of access to public records is a fundamental right guaranteed by La. Const. art. XII § 3, and whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right of access." Landis v. Moreau , 00-1157, p. 4 (La. 2/21/01), 779 So.2d 691, 694 (citing Title Research Corp. v. Rausch , 450 So.2d 933 (La. 1984) ). "The Public Records Act exempts from disclosure of records relating to pending or anticipated criminal litigation, 'until such litigation has been finally adjudicated or otherwise settled.' " Id. , 00-1157, p. 4-5, 779 So.2d at 695 (quoting La. R.S. 44:3(1) ). Ms. Beasley was enlisted as an investigator as part of Mr. Williams' post-conviction representation. Consequently, the charge conference sheets which Ms. Beasley seeks disclosure of are not specifically exempted under the Public Records Act.
As the custodian of the public records Ms. Beasley seeks, the District Attorney bears the burden of proving that a record is exempt from disclosure under the Public Records Act. Trenticosta v. Mamoulides , 93-621 (La. App. 5 Cir. 2/23/94), 633 So.2d 786, 789. However, the *637 fact that a record contains material which is not a public record is not a basis for restricting access to the requested record. Vandeweghe v. Parish of Jefferson , 11-52, p. 11 (La. App. 5 Cir. 5/24/11), 70 So.3d 51, 58 ; Times Picayune Pub. Corp. v. Board of Sup'rs of Louisiana State University , 02-2551, p. 8 (La. App. 1 Cir. 5/9/03), 845 So.2d 599, 605-606 ; Shane v. Parish of Jefferson , 14-2225, p. 25 (La. 12/8/15), 209 So.3d 726, 745 (finding privacy interests may be adequately protected by redaction). "If any record contains material which is not a public record, the custodian may separate the nonpublic record and make the public record available for examination." La. R.S. 44:32(B).
The District Attorney asserts that the charge conference sheets, in their entirety, are exempt from disclosure pursuant to La. R.S. 44:4.1(C) and La. R.S. 44:3(D). In that the District Attorney refused to disclose any portion of the charge conference sheets, it was the District Attorney's "burden of proof to establish why disclosure should be kept." Trenticosta , 633 So.2d at 789. The record demonstrates that the only evidence offered to show that the charge conference sheets are exempt from disclosure was the affidavit of the First Assistant District Attorney Graymond Martin.
Like the trial court, we find Mr. Martin's affidavit fails to satisfy the District Attorney's burden of demonstrating that the charge conference sheets were properly withheld from disclosure. Notably, Mr. Martin attests to the purpose of a charge conference sheet and its contents but only in general terms. The affidavit makes no mention of the case at bar or the specific public records request that Ms. Beasley made. Also absent in Mr. Martin's affidavit is any evidence that Mr. Martin reviewed the charge conference sheets at issue. Further, Mr. Martin does not indicate that redaction of any potentially exempt information is impossible or overly burdensome. Therefore, we find Mr. Martin's affidavit does not support the District Attorney's assertion that the charge conference sheets were properly withheld from disclosure.
Nevertheless, the District Attorney maintains that the charge conference sheets, in their entirety, are exempt under La. R.S. 44:4.1(C), which provides that the Public Records Act:
Shall not apply to any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or expert, obtained or prepared in anticipation of litigation or in preparation for trial.
However, as Ms. Beasley points out, the Public Records Act does not exempt from disclosure underlying facts that are contained in the charge conference sheets. The plain language of La. R.S. 44:4.1(C) is limited to "mental impressions, conclusions, opinions, or theories." The plain language of the statute makes no mention of the writings of an attorney which reflect the underlying facts of an investigation.
In Landis v. Moreau , the trial court ruled that audiotapes containing statements of witnesses interviewed by the district attorney's office during its investigation were exempt from disclosure under the Public Records Act. Id. , 00-1157 (La. 2/21/01), 779 So.2d 691. The Louisiana Supreme Court reversed the trial court's ruling, ordering an in camera inspection. The Supreme Court stated: "we are not persuaded that the eighteen audiotapes at issue contain only exchanges between the witnesses and the prosecutor regarding the state's theory of the case. The trial court could have viewed the audiotapes, in camera , pursuant to La. R.S. 44:35(B)." Id. , 00-1157, p. 10, 779 So.2d at 698. The matter was then remanded "to the trial *638 court for an in camera inspection ... to determine whether any portions of the tape recorded statements [were] discoverable." Id. , 00-1157, p. 11, 779 So.2d at 698. While the audiotapes contained statements from the district attorney's office about a criminal prosecution, the Landis court held that they were not intrinsically protected by the work product privilege embodied in La. R.S. 44:4.1(C).
Similarly, in this case, the trial court ordered and conducted an in camera inspection to determine whether any portions of the charge conference sheets are discoverable. In doing so, the trial court made a factual determination that the charge conference sheets do not consist entirely of the mental impressions, opinions, conclusions, or theories of the District Attorney's office, but contain underlying facts that are not exempt under the Public Records Act. The trial court consequently ordered the District Attorney to redact the mental impressions of attorneys and produce those portions of the documents that consist of the underlying facts and/or evidence in Mr. Williams' case.
"[A]ccess to public records can be denied only when the Public Records Law or the Constitution specifically and unequivocally provide otherwise." Shane , 14-2225, p. 9, 209 So.3d at 735. Moreover, any doubt as to whether the public has the right of access to a public record, the doubt "must be resolved in favor of the public's right of access." Landis , 00-1157, p. 4, 779 So.2d at 694. The District Attorney bore the burden of establishing that one of the exemptions to the Public Records Act applied to prove his refusal to provide the charge conference sheets was warranted. We find the District Attorney has not met its burden. Likewise, the District Attorney has not demonstrated to this Court that the trial court abused its discretion in ordering an in camera inspection or committed manifest error in concluding that information about the charge conference sheets, in redacted form, must be disclosed under the Public Records Act.
Finally, in the event this Court should affirm the trial court's ruling, Ms. Beasley asserts that she is entitled to an award of fees pursuant to La. R.S. 44:35(D)(1), which provides in pertinent part:
If a person seeking the right to inspect ... or to receive a copy ... of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
We find the trial court did not commit manifest error in concluding that the District Attorney incorrectly refused to disclose the charge conference sheets in their entirety. Accordingly, the trial court is instructed to conduct a hearing to assess and award Ms. Beasley reasonable attorney's fees and costs pursuant to La. R.S. 44:35(D). See also Ferguson v. Stephens , 623 So.2d 711, 717 (La. App. 4th Cir. 1993) (finding plaintiff prevailed on demand for access to the public records and was entitled to attorney's fees and other litigation costs pursuant to La. R.S. 44:35(D) ).
DECREE
A review of the record demonstrates that the trial court completed a thorough review of the evidence and pursuant to Landis conducted an in camera inspection to determine whether the charge conference sheets at issue were exempt under the Public Records Act. The District Attorney bore the burden of proving that refusal to disclose the charge conference sheets in their entirety was warranted. The District Attorney has failed to carry *639 his burden and has not demonstrated to this Court that the trial court committed manifest error or abused its discretion. Therefore, we affirm the trial court's judgment granting Ms. Beasley's petition for writ of mandamus and ordering the District Attorney to produce the charge conference sheets in redacted form. In that Ms. Beasley is the prevailing party, the trial court is instructed to conduct a hearing to assess and award Ms. Beasley reasonable attorney's fees and costs pursuant to La. R.S. 44:35(D).
AFFIRMED