653 So.2d 1174 (1995)
STATE ex rel. Alex W. BERNARD
v.
CRIMINAL DISTRICT COURT SECTION "J".
No. 94-KH-2247.
Supreme Court of Louisiana.
April 28, 1995.
*1175 PER CURIAM:
Writ granted. The judgment of the Fourth Circuit Court of Appeal denying relator relief is affirmed for the reasons that follow.
This Court's jurisprudence requires lower courts to provide indigent inmates with copies of certain types of documents as of right. State ex rel. Simmons v. State, 93-0175 (La. 12/16/94), 647 So.2d 1094. As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an "adequate opportunity to present [his] claims fairly." United States v. MacCollom, 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (quoting Ross v. Moffitt, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)). Meeting that constitutional threshold requires a showing of what this Court has called "particularized need."
For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La. C.Cr.P. art. 924 et seq. That access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors." State ex rel. Payton v. Thiel, 315 So.2d 40 (La.1975). If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. art. 930.3, he may also "specify[] with reasonable particularity the factual basis for such relief," and thereby meet the initial requirements set forth in La.C.Cr.P. art. 926 for filing the application and invoking the post conviction articles. An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. See Payton, supra; State v. Drozd, 116 Ariz. 330, 569 P.2d 272, 274 (Ct. App.1977) ("[d]ue process and equal protection surely do not require the providing of transcripts to make petitioner aware in the first instance of events or occurrences which constitute grounds for collateral attack"). Cf. Cutbirth v. State, 695 P.2d 156, 159 (Wyo. 1985) ("a petition for post-conviction relief must be on file and the district court must determine that the petition has merit" before an inmate will receive free copies of transcripts); Reed v. State, 310 Ark. 651, 840 S.W.2d 165, 166 (1992) (free copies of "material on file" available to inmate only when he "demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for post conviction relief").
In this case, relator has identified with factual specificity three constitutional claims he argues will entitle him to post conviction relief. Relator may therefore file an application which lacks any supporting documentation without fear of summary dismissal under La.C.Cr.P. art. 926(E). He may renew his request for documents in that application, and it will remain for the district court to determine in the first instance, subject to review, whether the documents are necessary to resolve relator's claims fairly under either 1) the provisions of La.C.Cr.P. art. 929, which allow the court to grant or deny relief summarily on the pleadings and/or relevant transcripts or other documents submitted by the parties or "available to the court;" or 2) the provisions of La. C.Cr.P. art. 930, which allow for an evidentiary hearing at which the court may receive duly authenticated records, documents, or transcripts in addition to live testimony before ruling on the merits of the claims.
LEMMON, J., not on panel.