PER CURIAM.
Writ granted. The provisions of La.Rev. Stat. 44:31.1 permit an inmate access to public records when the request is limited to grounds upon which the inmate may file for post-conviction relief. Nothing in Section 31.1 prevents an inmate from seeking records related to his or her conviction simply because more than three years have passed since the conviction has become final. See La.Code Crim.Proe. arts. 930.3 (which sets out grounds for post-conviction relief, including due process violations)[1] and 930.8 (which contains exceptions to the three-year limitation when the applicant did not know the facts upon which the claim was based). When and if relator files an application for post-conviction relief, and when and if the state asserts the three-year limitation; the court can then decide, after an evidentiary hearing if appropriate, whether any exception to the three-year limitation applies.
The district attorney is ordered to provide relator with an estimate of the costs of reproducing public records relator has requested and to which relator is entitled. La. Const, art. XII, § 3; La.Rev.Stat. 44:31; Range v. Moreau, 96-1607 (La. 9/3/96); 678 So.2d 537. In all other respects the application is denied.
MARCUS, J., not on panel.

. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (suppression by state of material exculpatory information denies due process).