JiPER CURIAM: *
Writ granted in part; otherwise denied; case remanded to the district court. The court of appeal erred in finding R.S. 44:31.1, see 1995 La. Acts 653, merely procedural in nature. The statute changes the fundamental right of access to public records, and so qualifies as a substantive enactment susceptible to prospective application only. La.C.C. art. 6; R.S. 1:2; Sudwischer v. Estate of Hoffpauir, 97-0785, p. 8-9 (La.12/12/97), 705 So.2d 724, 728-29. In addition, it appears that the court of appeal has assumed that police photographs and radio logs could not support an application for post-conviction relief properly setting out claims cognizable under La.C.Cr.P. art. 930.3. However, because such documents might support such an application, cf. State ex rel. Leonard v. State, 96-1889 (La.6/13/97), 695 So.2d 1325, the case is remanded to the district court to consider whether, given that only a specific and unequivocal law can limit the fundamental right of access to public records, see, e.g., Capital City Press v. Metro. Council, 96-1979, p. 4-5 (La.7/1/97), 696 So.2d 562, 564, relator still has the right of access to the records sought under the new statute. If the district court finds relator is entitled to access, it shall order relator supplied with copies or cost estimates in accord with the principles set out in State ex rel. Bernard v. Criminal D.C., 94-2247, p. 1 (La. 4/28/95), 653 So.2d 1174, 1175 and Range v. Moreau, 96-1607 (La.9/3/96), 678 So.2d 537. In all other respects the application is denied.
LEMMON, J., concurs.

 Kimball, J., not on panel. See La.S.Ct. Rule IV, Part II, § 3.