# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-469

TIMOTHY J. GUIDRY

VERSUS

J. PHIL HANEY, ET AL., INDIVIDUALLY, AND IN HIS CAPACITY AS
DISTRICT ATTORNEY IN AND FOR THE 16TH JUDICIAL DISTRICT,
PARISH OF ST. MARTIN

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 90-71567
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, James T. Genovese, and Chris J. Roy, Sr.,*
Judges.

Roy, J., dissents.

**AFFIRMED**.

**Timothy J. Guidry**
**D.O.C. No. 321539, Magnolia Hall-2**
**Louisiana State Penitentiary**
**Angola, LA 70712**
**DEFENDANT/APPELLANT - Pro Se**

---

*Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Jeffery J. Trosclair**
**Assistant District Attorney, Sixteenth Judicial District**
**St. Mary Parish Courthouse, 5th Floor**
**Franklin, LA 70538**
**(337) 828-4100, Ext. 550**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **J. Phil Haney, et al., Individually, and in**
      **His Capacity as District Attorney in and**
      **for the Sixteenth Judicial District, Parish of St. Martin**

**GENOVESE, Judge.**

In this civil action, Timothy A. Guidry, a convicted, aggravated rapist, filed a Petition for a Writ of Mandamus seeking to compel the District Attorney for the Sixteenth Judicial District Court (District Attorney) to produce certain audio and video tapes of his rape victim. In response thereto, the District Attorney filed an Exception of No Right of Action and Failure to Join an Indispensable Party pursuant to La.Code Civ.P. art. 927(A)(3) and (5).[1] The trial court granted the exception, and Mr. Guidry appeals. For the following reasons, we affirm.

## FACTS

On May 9, 1999, Timothy Guidry was indicted by a grand jury on eight counts of aggravated rape. The matter proceeded to trial by jury on only one count of aggravated rape for which he was found guilty. On December 21, 1992, Mr. Guidry was sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.

On July 30, 2003, Mr. Guidry filed a motion with the trial court seeking the production of audio and video taped interviews of the victim as well as psychiatric examination reports. The trial court denied the motion, and this court denied his

---

[1]Louisiana Code of Civil Procedure Article 927(A) provides as follows:

    A. The objections which may be raised through the peremptory exception include but are not limited to the following:

        (1) Prescription.

        (2) Res judicata.

        (3) Nonjoinder of a party under Articles 641 and 642.

        (4) No cause of action.

        (5) No right of action, or no interest in the plaintiff to institute the suit.

application for supervisory writs in the matter entitled *State v. Guidry*, 03-1206 (La.App. 3 Cir. 10/2/03).

On October 3, 2003, Mr. Guidry again requested audio and video taped interviews of the victim. In response thereto, the clerk of court provided him with the psychiatric report and the trial transcript of the victim's testimony. Not satisfied with these documents, Mr. Guidry contacted the clerk of court and advised him that the records which had been forwarded to him were not the records which he sought. Subsequently, the clerk of court advised Mr. Guidry that there were no audio tapes in the record.

Mr. Guidry again filed a writ application with this court, which was denied in the matter entitled *State v. Guidry*, 03-1415 (La.App. 3 Cir. 3/29/04), due to his failure "to show a particularized need for the items he [sought]." The Louisiana Supreme Court denied Mr. Guidry's application for writs of certiorari. *State v. Guidry*, 04-1229 (La. 4/1/95), 897 So.2d 594.

On January 18, 2007, Mr. Guidry filed a Petition for a Writ of Mandamus with the trial court seeking the production of the previously requested audio and video taped interviews of the rape victim. The District Attorney filed a Peremptory Exception of No Right of Action and Failure to Join Indispensable Party. Following a hearing on May 31, 2007, the trial court signed a judgment on June 27, 2004, granting the exception of no right of action and dismissing Mr. Guidry's claims. It is from this judgment that he appeals.

**ISSUES**

Mr. Guidry has filed two appellate briefs with this court. Collectively, they include the following issues:

2

1. Did the [d]istrict [c]ourt's [a]pplication of the [p]ublic [r]ecords [a]ct, under [La.R.S.] 44:1 *et seq.*, [a]mount to an [a]buse of [d]iscretion, [m]anifest [e]rror or [b]oth?

2. Did district court judge abuse his discretion or commit manifest error, when he decided that [*State ex rel. Bernard v. Criminal District Court Section "J"*, 94-2247 (La. 4/28/95), 653 So.2d 1174] was the applicable law and controlling jurisprudence[] here[in]?

3. Did the district court judge abuse his discretion or commit manifest error[] when he failed to consider the exceptions under La. R.S. 44:31.1?

4. Did the district court judge abuse his discretion or commit manifest error[] when he concluded the Appellant failed to make showings of particularized needs, absent a properly filed application for post-conviction relief, which sets [sic] out specific claims of constitutional errors, requiring requested supporting documentation?

## LAW AND DISCUSSION

Generally, the Louisiana Public Records Act, La.R.S. 44:31, provides the statutory authority for the inspection and reproduction of "any public record." Specifically, La.R.S. 44:31 (emphasis added) provides as follows:

> A. Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.
>
> B. (1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, *any person* of the age of majority may inspect, copy, or reproduce any public record.
>
> (2) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, *any person* may obtain a copy or reproduction of any public record.
>
> (3) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.

Thus, under the foregoing statutory authority, we begin with the premise that "any person" may seek "any public record[,]" and, the burden of proving that a given public record is not subject to the public records law is with the custodian of that

3

record. In the event such a person is denied the records sought, La.R.S. 44:35(A)[2] provides a procedural device through which relief may be sought in the form of a writ of mandamus, whereby the custodian may be compelled to produce the records requested.

After being denied the public records which he sought, the instant matter arose when Mr. Guidry filed a Petition for a Writ of Mandamus seeking to compel the District Attorney to produce the audio and video tapes of his victim. In response thereto, the District Attorney asserted that Mr. Guidry was not "any person" under La.R.S. 44:31, and, therefore, he did not have a right of action under La.R.S. 44:35. The trial court agreed with the District Attorney and granted the Exception of No Right of Action. We agree with the trial court's ruling on this issue.

Louisiana Revised Statutes 44:31.1 sets forth an exception to the term "any person" who may avail themselves of the general provision of La.R.S. 44:31. It is this exceptive provision which the District Attorney relied upon in support of his Exception of No Right of Action. Louisiana Revised Statutes 44:31.1 (emphasis added) provides as follows:

> For the purposes of this Chapter, *person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file*

---

[2]Louisiana Revised Statutes 44:35(A) provides:

A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

*for post conviction relief under Code of Criminal Procedure Article 930.3.* Notwithstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3.

As noted by the trial court, and as set forth in the record, Mr. Guidry is undisputedly "an individual in custody after sentence following a felony conviction." Thus, the next inquiry in determining the applicability of La.R.S. 44:31.1 is whether he "has exhausted his appellate remedies" and is seeking public records which are "not limited to grounds upon which [he] could file for post conviction relief."

We find from the record that Mr. Guidry has in fact exhausted his appellate remedies. His conviction for aggravated rape was on February 28, 1991. On December 7, 1994, this court affirmed his conviction and sentence. *State v. Guidry,* 94-678 (La.App. 3 Cir. 12/7/94), 647 So.2d 502. Consequently, Mr. Guidry's conviction and sentence became final in January 1995, after the time limitations for his filing an application for writs of review and/or certiorari with the Louisiana Supreme Court had expired.

The final determination to be made is whether any post conviction relief exception set forth in La. R.S. 44:31.1 is applicable to the facts in this case. Louisiana Code of Criminal Procedure Article 930.3[3] sets forth the grounds for the

---

[3]Louisiana Code of Criminal Procedure Article 930.3 provides as follows:

If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:

(1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;

(2) The court exceeded its jurisdiction;

5

filing of an application for post conviction relief; however, that criminal statute is qualified by the exceptions found in La.Code Crim.P. art. 930.8. Thus, we must determine whether Mr. Guidry's claim of unknown, newly discovered facts constitute an exception to the time limitation for the filing of an application for post conviction relief is applicable to the case at bar.

Louisiana Code of Criminal Procedure Article 930.8(A)(1)(emphasis added) provides that an application for post conviction relief which is otherwise untimely may be considered if "[t]he application alleges, and the petitioner proves or the state admits, that *the facts upon which the claim is predicated were not known to the petitioner or his attorney*."

Mr. Guidry's Petition for a Writ of Mandamus contains a recitation of contents of the correspondence which he sent to the District Attorney in an effort to obtain the audio and video tapes in question. The portion of said correspondence relative to an application for post conviction includes the following:

> Moreover, the requestor has standing or right of action to seek the audio/video records because he has grounds that would support a claim for post conviction relief. La. R.S. 44:31.1; La. C.Cr.P. art. 930.3, where you or your assignees have suppressed or otherwise withheld audio/video records that would exonerate. *Brady v. Maryland*, 373 U.S.

---

(3) The conviction or sentence subjected him to double jeopardy;

(4) The limitations on the institution of prosecution had expired;

(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or

(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.

(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

6

83 (1963). Also, Louisiana law envisions that Mr. Guidry can submit such evidence in an *excusable* and fresh post-conviction application, alleging ". . . facts upon which the claim is predicated were not known to the petitioner or his attorney." La. C.Cr.P. art. 930.8(A)(1). *State v. Lanieu*, 885 So.2d 512 (La. 5/1/04). So too, "even if exculpatory material was at sometime 'knowable,' an application based on it may still qualify under the new facts exception to the time bar, subject to the opportunity provided the State by art. 938.8(B) [sic] to show prejudice arising from the delay." *Carlin v. Cain*. 706 So.2d 968 (La. 1998).

However, the record does not support Mr. Guidry's assertion of newly learned facts. To the contrary, the public records which he seeks are audio and video tapes of his victim, which were recorded prior to his criminal trial in 1991, and which were known to Mr. Guidry and discussed in previous filings by him, including his post conviction relief application filed in 1997. These public records, therefore, were known to Mr. Guidry and, thus, do not establish any exception within the ambit of La.R.S. 930.8(A)(1).

Additionally, although we acknowledge Mr. Guidry's assertion that the trial court erred in its reliance on *State ex rel. Bernard v. Criminal District Court Section "J"*, 94-2247 (La. 4/28/95), 653 So.2d 1174, we need not address this contention given our findings herein.

Based upon the foregoing, we conclude that Mr. Guidry has no right of action under La.R.S. 44:35. He is statutorily prohibited from obtaining the audio and video tapes since he is in custody for a felony conviction, his sentence has been imposed, and his appellate remedies have been exhausted. La.R.S. 44:31.1 Additionally, he has not alleged any of the enumerated grounds which would support an application for post conviction relief, nor has he established the applicability of an exception to the time limitation for filing an application for post conviction relief. La.Code Crim.P. art. 930.3; La.Code Crim.P. art. 930.8. Mr. Guidry, therefore, is not "any

7

person" entitled to the relief provided under La.R.S. 44:35. We, therefore, affirm the judgment of the trial court granting the District Attorney's exception of no right of action.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against Timothy J. Guidry.

**AFFIRMED.**