PAUL A. BONIN, Judge.
b Jimmie Variste, an inmate at the Dixon Correctional Institute, filed in the district court[1] yet another motion requesting that copies of transcripts of his guilty plea colloquy and sentencing hearing be produced without his payment of costs. The district judge refused to consider this most recent motion and noted that her articulated rea-sonings for denying Mr. Variste’s three prior identical motions were sufficient.
Mr. Variste timely filed an application for our supervisory review. The district attorney timely filed his opposition to Mr. *1129 Variste’s application. We then called for the entire record of the district court’s proceedings in this matter to be filed with this Court. Mr. Yariste filed a reply to the district attorney’s opposition.
Having closely examined the latest motion filed by Mr. Variste, we grant the application for supervisory review. But, after our de novo review of the ruling, we ^conclude that Mr. Variste is not entitled to the cost-free production of these documents and thus deny the relief sought by the application.
Specifically, Mr. Variste is not entitled to the transcript of his guilty plea colloquy “as of right” because the time limitations period for filing his application for post-conviction relief has expired and because Mr. Variste failed to file an application under one of the statutory exceptions to that limitations period enumerated in Article 930.8 A(l-4). Mr. Variste is also not entitled to the cost-free production of the transcript of his sentencing hearing because he failed to establish a “particularized need” for that document through a properly filed application for post-conviction relief.
We explain below that an indigent inmate is entitled, during the two-year time limitations period set forth in La.C.Cr.P. art. 930.8 A, to cost-free production by a court of the transcript of his guilty-plea colloquy “as of right” but must thereafter establish a “particularized need” through a timely-filed application for post-conviction relief in-order to obtain a transcript of the colloquy. We also explain that an indigent inmate, in order to obtain a transcript of his sentencing hearing, must always have first filed an application for post-conviction relief and establish a particularized need for the sentencing transcript. Before turning to our explanation, however, we emphasize that a court’s production of any of these public documents to an inmate, or to anyone else, is .not restricted when that person pays the reasonable costs associated with the production of those documents. See La. R.S. 44:1, et seq. (statutes governing access to public records).
_b?
An indigent inmate is entitled to the cost-free production of several types of documents, including the transcript of his guilty plea colloquy, “as of right” within the two-year limitations period set forth in Article 930.8 A. See State ex rel. Simmons v. State, 93-0275, pp. 1-2 (La.12/16/94), 647 So.2d 1094, 1095 (per curiam).[2] As we note below, this two-year time limitations period commences to run from the finality of the inmate’s conviction and sentence. And these documents are provided to indigent inmates in the absence of any timely filed application for post-conviction relief or showing of “particularized need.” See State ex rel. Fleury v. State, 93-2898 (La.10/13/95), 661 So.2d 488. The availability of these cost-free documents to indigent inmates “as of right,” however, is limited by two requirements.
First, a district court may decline to order cost-free production of documents under Simmons “in cases in- which the limitations period of [Article] 930.8[A] has *1130 expired, unless the relator has made a showing of particularized need by filing an application which would fall under the exceptions of [Article] 930.8 A[ (1^4) ] and which needs the requested documents to support it.” Fleury, 93-2898, 661 So.2d at 488. See also State ex rel. Brown v. State, 03-2568, p. 2 (La.3/26/04), 870 So.2d 976, 977 (per curiam); State ex rel. Jones v. State, 13-1634 (La.1/27/14), 131 So]43d 52. Article 930.8 A provides: “No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final.... ” See also La. C.Cr.P. arts. 914, 922; State v. Brumfield, 13-2390, p. 3 (La.11/14/14), 152 So.3d 870, 871 (per curiam). Thus, an indigent inmate’s request for the transcript of his guilty plea colloquy can be time-barred by the limitations period set forth in Article 930.8 A.
Second, a district court may deny an indigent inmate’s motion to produce a document under Simmons “when the only claims the document could support are not cognizable on collateral review.” Brown, 03-2568, p. 1, 870 So.2d at 977. See also State ex rel. Degreat v. State, 98-0690 (La.7/2/98), 724 So.2d 205; Jones, 13-1634, 131 So.3d at 52. See, e.g., La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172 (per curiam).
Undoubtedly, if Mr. Variste had filed his motion prior to the expiration of the limitations period, he would have been entitled to the cost-free production of the transcript of his guilty plea colloquy under Simmons. Following Mr. Variste’s guilty plea, he was sentenced to a term of imprisonment of twenty-seven years for armed robbery on June 15, 2004. Because Mr. Variste did not seek an appeal, his sentence became final, at the latest, on July 15, 2004. See La.C.Cr.P. art. 914 B(l). Mr. Variste’s first motion requesting production of the transcripts of his guilty plea colloquy was denied on June 19, 2007— almost an entire year after the expiration IfiOf the limitations period set forth in Article 930.8 A.[3] The district judge was correct at that time to deny Mr. Variste’s motion. Mr. Variste’s current motion was filed over eight years after the expiration of this limitations period. Furthermore, Mr. Variste has neither filed an application under one of the exceptions of Article 930.8 A(l-4), nor shown a “particularized need” for the requested guilty-plea colloquy to support it. Thus, Mr. Variste is not entitled to the court’s production of the transcript of his guilty-plea colloquy free-of-charge to him.
II
In order to have the transcript of a sentencing hearing produced cost-free, incarcerated indigents must demonstrate a “particularized need” for that court document. See Stewart v. Lombard, 94-0040 (La.6/3/94), 637 So.2d 496; State v. Bernard, 09-1552 (La.6/4/10), 35 So.3d 1082 (per curiam). See also United States v. MacCollom, 426 U.S. 317, 325, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (noting that an indigent inmate has a constitutional right under the Equal Protection Clause to free copies of documents when a defendant can show that denial of his request will deprive him of an “adequate opportunity to present claims fairly”); State ex rel. Bernard v. Criminal District Court Section J, 94-2247, p. 1 (La.4/28/95), 653 So.2d 1174, 1175 (per curiam). This showing is necessitated because an inmate is not entitled to *1131 those documents “as of right” and thus must demonstrate need to access those documents | ¿prior to their cost-free production. See Simmons, 93-0275, pp. 1-2, 647 So.2d at 1095.
“An inmate ... cannot[, however,] make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support.” Bernard, 94-2247, p. 2, 653 So.2d at 1175. See also State ex rel. Veal v. State, 14-0914, p. 1 (La.2/6/15), 158 So.3d 812. Thus “an inmate must have already filed an application requiring documentation for its support before [that inmate] may seek cost-free copies.” Landis v. Moreau, 00-1157, pp. 5-6 (La.2/21/01), 779 So.2d 691, 695 (citing Bernard, 94-2247, p. 2, 653 So.2d at 1175).' “This rule prevents the state from having to ‘underwrite an inmate’s efforts to overturn his conviction and sentence by providing him generally with documents to comb the record for error.” ’ Landis, 00-1157, p. 6, 779 So.2d at 695 (quoting Bernard, 94-2247, p. 1, 653 So.2d at 1175). See, e.g., Bernard, 09-1552, 35 So.3d at 1082.
Mr. Variste has never filed an application for post-conviction relief in order to show a “particularized need” for the production of his sentencing transcripts. And importantly, the only relief sought by Mr. Variste relative to his sentencing is contained in his reply to the district attorney’s opposition and pertains to the excessiveness of his sentence, which is an error not cognizable in an application for post-conviction relief. See La.C.Cr.P. art. 930.3; Melinie, 93-1380, 665 So.2d at 1172; State v. Pernell, 14-0678, p. 5 (La.App. 4 Cir. 10/15/14), 151 So.3d 940, 945 (“The only opportunity for review of the sentencing decision is on direct |7appeal as there is no post-conviction review available on such claim.”). Thus, Mr. Variste is not entitled to the court’s production of his sentencing transcript free-of-charge to him.
CONCLUSION
Having granted Mr. Variste’s application for supervisory review and following, our de novo review of the district judge’s ruling, we conclude that Mr. Variste is not entitled to the cost-free production of the transcripts of his guilty plea colloquy and sentence hearing. The district judge correctly refused to consider Mr. Variste’s (repetitive) motion for production of documents and thereby deny him the production of those documents sought by him.
DECREE
We deny the relief sought by Jimmie Variste.
WRIT GRANTED; RELIEF DENIED

. Mr. Variste, as do many other prisoners in their motions and applications, misidenlified the district court as the 41st Judicial District Court for the Parish of Orleans. There is no 41st Judicial District Court. See 2012 La. Acts no. 474 (noting that the re-organization and consolidation of the Orleans Parish court structure was no longer intended to go into effect, that the 41st Judicial District Court would not come into existence, and that the existing organization would remain in effect); La. R.S. 13:1001, et seq. The district court is correctly identified as the Criminal District Court for the Parish of Orleans.

. During that two-year window, indigent inmates are ordinarily entitled to the cost-free production of other documents "as of right,” including: copies of the bill of information or grand jury indictment charging them with committing a crime, copies of the district court minutes for various portions of their trials, copies of transcripts of evidentiary hearings held on their applications for post-conviction relief, and copies of the documents committing them to custody. See Simmons, 93-0275, pp. 1-2, 647 So.2d at 1095, but see State ex rel. Fleury v. State, 93-2898 (La.10/13/95), 661 So.2d 488; State ex rel. Degreat v. State, 98-0690 (La.7/2/98), 724 So.2d 205.

. The record does not disclose the filing date of his first motion. But the district judge, in her first ruling, noted that the motion was filed untimely, and Mr. Variste did not seek supervisory review of that ruling.