# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KH 18-177

**STATE OF LOUISIANA**

**VERSUS**

**TROY EDWARD DELOZIER**

\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 313,407
HONORABLE MARY L. DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.

**WRIT GRANTED AND MADE PEREMPTORY, IN PART;**
**WRIT DENIED, IN PART.**

**Phillip Terrell, Jr.**
**District Attorney**
**Ninth Judicial District Court**
**P. O. Box 7358**
**Alexandria, LA 71306-0358**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
  **State of Louisiana**

**Troy Edward Delozier**
**Louisiana State Penitentiary**
**17544 Tunica Trace**
**Angola, LA  70712**

**SAUNDERS, Judge.**

Troy Delozier's convictions and sentences were affirmed on appeal. *State v. Delozier*, 14-493 (La.App. 3 Cir. 11/12/14), 151 So.3d 173, *writ denied as untimely filed,* 14-2649 (La. 10/23/15), 177 So.3d 708, *reconsideration granted, timely filed, denied on merits*, 14-2649 (La. 4/8/16), 191 So.3d 578.

Relator filed an untitled pleading with the trial court, signed on September 18, 2017, requesting the production of documents. The untitled pleading does not contain a file date stamp. The pleading requested the following documents and that the trial court issue a mandamus to the clerk's office, the court reporter, and the District Attorney's Office, as follows:

1. The trial court's contemporaneous [transcribed] records required by law of:

(A) Grand jury proceedings of indictment.

(B) All pre trial motions and proceedings.

(C) Criminal court trial proceedings, including jury pool, jury strike sheet, and D.A. and defense counsel attendance of the Grand Jury trial, ALL.

2. Any bill of particulars.

3. District Court minute entries.

4. Copy of all D.A. files.

5. Copy of all bench recordings between judge, D.A. and counsel for Troy Delozier.

On February 8, 2018, the trial court granted Relator's request insofar as the request for the district court minutes pursuant to *State ex rel. Simmons v. State*, 93-275, 94-2630, 94-2879 (La. 12/16/94), 647 So.2d 1094. The trial court noted the record showed there was no bill of particulars filed in this case. The trial court

ordered the court reporter to provide Relator with a cost estimate of production of the requested transcripts, noting that if there were any "bench recordings," the recordings would be encompassed within the trial transcript. Citing *United States v. Proctor & Gamble Co,* 356 U.S. 677, 78 S.Ct. 983 (1958), the trial court denied the grand jury transcript and all the other documents related to the grand jury proceedings based on the need for grand jury secrecy. As for the District Attorney's files, the trial court noted that Relator must seek production of the copies from the District Attorney's Office.

Relator filed with this court a pleading entitled "Petitioner Moves for Writ of Mandamus to be Enforced for the Production of Documents, Pursuant to La.C.Cr.P. Art. 843, and La.R.S. 44:31, and La.R.S. 44:35," on March 2, 2018, wherein he desires this court to grant his requests for the production of documents pertaining to his convictions and sentences.

Relator attached to this writ application a copy of a letter to the Rapides Parish Clerk's Office requesting copies of the entire court record. The letter contains a filing date stamp of December 20, 2016.

Relator also attaches to this writ application a copy of a second letter to the Rapides Parish Clerk's Office requesting a copy of the entire court record and a form letter to the District Attorney's Office requesting all the District Attorney's files in his case pursuant to the public records law. These requests were signed and dated on July 6, 2017, by Relator.

Further included with this writ application is a "Motion to Temporarily Set Aside Supplement Post-Conviction Filing and Order for Extension of Time to File Supplemental Post-Conviction." This motion was signed by Relator on July 6, 2017, but does not contain a file date stamp.

Also included with this writ application is a letter dated July 28, 2017, from this court advising Relator that his request for the court records must be made to the district court clerk's office as they are the custodian of the records requested, a letter dated August 23, 2017, to the Rapides Parish Clerk's Office checking on the status of the request to extend filing date for the filing of a supplemental post-conviction application, and the above February 18, 2018 order from the trial court.

Relator does not challenge the trial court's ruling on his request for the grand jury transcripts and related materials. Accordingly, we will not address this issue.

Relator also contends in his writ application that he was granted an extension of the time limitation to file a supplement to the post-conviction relief application ("PCR"). He filed a "Motion to Temporarily Set Aside Supplemental Post-Conviction Filing and Order for Extension of Time to File Supplemental Post-Conviction" seeking an extension of time to supplement his PCR because he does not have his trial transcript. Relator complains, however, that the trial court never responded to the motion seeking an extension of time to supplement his PCR. In response to an information request to the trial court, on January 24, 2019, the trial court sent this court a copy of its docket listing, which does not reflect a pleading titled as or similarly to "Motion to Temporarily Set Aside Supplemental Post-Conviction Filing and Order for Extension of Time to File Supplemental Post-Conviction", nor does it reflect that anything was filed in July or August of 2017.

With Relator's September 14, 2017 untitled pleading, Relator apparently supplied the trial court with the above-referenced letters and requests for the records from both the Rapides Parish Clerk's Office and the District Attorney's Office. Relator requested that the trial court issue an order of mandamus to the clerk of court, the court reporter, and to the District Attorney's Office to supply him with copies of the requested records or copies at a reduced rate.

3

In *State v. McKnight,* 98-2258, p. 1 (La.App. 1 Cir. 12/3/98), 742 So.2d 894, 895-96, the first circuit discussed the procedure for filing a public records request or seeking records under La.Code Crim.P. art. 822, as follows:

A "person" who wants to examine public records must make the request to the custodian of the records. *See* La. R.S. 44:31 & 44:32. An individual in custody after sentence following felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La.Code Crim. P. art. 930.3. La. R.S. 44:31.1. Section 31.1 does not prevent an inmate from seeking records simply because the three-year time limitation for the filing of postconviction relief has passed. State ex rel. Leonard v. State, 96-1889 (La.6/13/97), 695 So.2d 1325. *See* La.Code Crim. P. art. 930.8. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. *See* La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. See State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir.1992). After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court's action, if he desires. *See* La. R.S. 44:35(C).

If the inmate is not proceeding under the Public Records Law and instead desires to seek a free copy of a district attorney's file, he should file a motion for production of the documents in the criminal proceeding, and he must demonstrate a particularized need. For the inmate requesting documents in anticipation of a collateral attack on his conviction, he cannot make a showing of particularized need absent a properly filed application for postconviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. State ex rel. Bernard v. Criminal District Court Section "J", 94-2247 (La.4/28/95), 653 So.2d 1174. Under La.Code Crim. P. art. 822(B) (added by 1997 La. Acts No. 1321, § 1), "if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney." Article 822 does not apply to requests for records under the Public Records Law, and it does not establish a separate procedure by which an inmate can secure documents from the district attorney. The purpose of this portion of article 822 is to prevent district courts from ordering the production of portions of the district attorney's file without the district attorney first receiving notification of the motion. Under article 822, a contradictory hearing would not be necessary if the court merely denies the request.

Accordingly, for relator to seek review of the district attorney's refusal to provide documents, he must first institute civil proceedings

at the trial court level for a writ of mandamus against the district attorney.

In *State v. Leopaul*, 97-563 (La.App. 3 Cir. 6/17/97), 698 So.2d 9 (alteration in original), wherein the relator sought court records free of charge, this court held:

> In denying Relator's application, we apply the principles set forth in *State ex rel. Bernard v. Criminal District Court,* 94-2247 (La. 4/28/95); 653 So.2d 1174 and La.Code Crim.P. art. 914.1. A showing of a particularized need to obtain documents free of charge requires a defendant to show that a denial of his requested documents will deprive him of an "adequate opportunity to present [his] claims fairly." *State ex rel. Bernard v. Criminal District Court*, 653 So.2d at 1175 and cases cited therein. To meet this initial requirement, Relator must set forth the claims he intends to raise in his writ of review and show the requested documentation is necessary for a full and adequate review of the assigned errors. Relator has failed to make this initial showing. For this reason, we deny his application.

In the current case, in brief to this court, Relator asserts that La.Code Crim.P. arts. 843 and 930.3 provide that he is entitled to a free copy of the trial transcript plus the entire court record. He claims that he has repeatedly requested his free copies but was continuously denied.

Louisiana Code of Criminal Procedure Article 843 requires the clerk or court stenographer to record "all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel," in felony cases. Louisiana Code of Criminal Procedure Article 930.3 contains the grounds upon which post-conviction relief can be sought.[1]

---

[1]Article 930.3 states:

If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:

(1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;

(2) The court exceeded its jurisdiction;

(3) The conviction or sentence subjected him to double jeopardy;

We find that Articles 843 and 930.3 do not support Relator's assertion that he is entitled to a free copy of his trial transcript and the court record. As noted above, the trial court ordered the court reporter to provide Relator with a cost estimate of production of the requested transcripts. Relator does not state whether he received the information regarding cost.

As noted above, this court in *Leopaul*, 698 So.2d at p. 9, stated a relator "must set forth the claims he intends to raise in his writ of review and show the requested documentation is necessary for a full and adequate review of the assigned errors." We find that Relator's September 18, 2017 request for documents did not show a particularized need for the trial transcript. Relator stated only that he needed a copy of the trial transcript and court records to adequately present his post-conviction claims; he did not specify what claims.

In brief to this court, Relator does not appear to request the District Attorney's file free of charge. In response to the September 18, 2017 request for documents, Relator indicated that he supplied the trial court with a copy of the public records request he sent to the District Attorney's Office. He requested that the trial court issue a mandamus to the District Attorney's Office to supply him with a copy of the file free of charge or at a reduced rate. In its February 2018 ruling, the trial court stated only "that file(s) is not contained in the Clerk of Court's office, but rather the

---

(4) The limitations on the institution of prosecution had expired;

(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or

(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.

(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

District Attorney's office. Defendant should make such request to that particular office." As noted above in *State v. McKnight*, 742 So.2d at 895:

> If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. See La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. *See* State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir.1992). After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court's action, if he desires. *See* La. R.S. 44:35(C).

In *Landis v. Moreau*, 00-1157, pp. 5-6 (La. 2/21/01), 779 So.2d 691, 695 (alteration in original), the supreme court noted:

> Furthermore, in *Lemmon v. Connick*, 590 So.2d 574 (La.1991), this court held that post-conviction relief is not "criminal litigation" within the meaning of the Public Records Act and ordered the district attorney to "produce records in its possession and not otherwise privileged." Neither party to the instant litigation challenges the holding of *Lemmon*. However, plaintiff originally requested "all documents and other tangible items concerning the investigation, arrest, and prosecution of Craig [and co-defendants] . . . , including, without limitation, any and all records, documents, reports, analysis, notes, memoranda, audio and visual tapes, photographs, and charts." Therefore, it is essential that we review the law surrounding the provision of documents to criminal defendants since our holding in *Lemmon.*
>
> First, this court has limited the number of documents an inmate can receive cost-free as of right. *See State ex rel. Simmons v. State,* 93-0275 (La.12/16/94), 647 So.2d 1094. Secondly, this court has articulated a rule requiring that an inmate must have already filed an application requiring documentation for its support before he may seek cost-free copies. *State ex rel. Bernard v. Criminal District Court*, 94-2247 (La.4/28/95), 653 So.2d 1174. This rule prevents the state from having to "underwrite an inmate's efforts to overturn his conviction and sentence by providing him generally with documents 'to comb the record for error.'" *Id.* (citations omitted). Thirdly, we have held that custodians of records must supply inmates with cost estimates for reproduction at their cost of documents without regard to the rule of *Bernard. See, e.g., State ex rel. Gray v. State*, 97-0447 (La.9/5/97), 699 So.2d 74; *Range v. Moreau*, 96-1607 (La.9/3/96), 678 So.2d 537. This rule allows an inmate to "comb the record for errors," provided he can pay for the privilege. Additionally, this court has refused to allow wide ranging discovery in post-conviction proceedings, while finding that post-conviction procedures are "unique, hybrid, and have both civil and criminal legal characteristics." *State ex rel. Tassin v. Whitley*, 602 So.2d 721 (La.1992).

Regarding Relator's request for a copy of the District Attorney's file, the record before this court indicates Relator provided the trial court with documentation showing he had asked the District Attorney's Office to advise him of the cost for the public records including copying, postage, and handling fees. In his September 14, 2017 request, Relator asked the trial court to issue an order of mandamus to the District Attorney's Office to supply him with the requested information. Considering the above jurisprudence, we direct the trial court to order the District Attorney's Office to provide Relator with an estimate of the costs of reproducing the public records Relator has requested and to which Relator is entitled.

**WRIT GRANTED AND MADE PEREMPTORY, IN PART; WRIT DENIED, IN PART**: The trial court is directed to order the District Attorney's Office to provide Relator with an estimate of the costs of reproducing the public records, pursuant to La.R.S. 44:1, *et seq*., that Relator requested and to which Relator is entitled.

Relator asserts the trial court failed to rule on his "Motion to Temporarily Set Aside Supplemental Post-Conviction Filing and Order for Extension of Time to File Supplemental Post-Conviction." Information obtained from the Rapides Parish Clerk of Court indicates Relator's motion was not received by their office. Accordingly, Relator's application is denied with respect to the "Motion to Temporarily Set Aside Supplemental Post-Conviction Filing and Order for Extension of Time to File Supplemental Post-Conviction." Relator may submit his pleading to the trial court for filing and consideration.

Finally, as for Relator's requests for free copies of the trial transcript and the court records in his case, Relator did not show that a denial of his requested documents would deprive him of an adequate opportunity to present his claims fairly. Therefore, Relator failed to establish particularized need for free copies of the trial transcript and court records. In this respect, Relator's writ application is denied.