NOT DESIGNATED FOR PUBLICATION

| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2019-K-0534** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **TYRONE WILLIAMS A/K/A** | * | |
| **TYRONNE WILLIAMS** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 512-747, SECTION "G"
Honorable Dennis J. Waldron, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Roland L. Belsome)

**BELSOME, J., CONCURS IN THE RESULT**

TYRONE WILLIAMS, 120769
Louisiana State Penitentiary
Angola, Louisiana 70712
        PRO SE DEFENDANT/ RELATOR

LEON CANNIZZARO, JR.
DISTRICT ATTORNEY, ORLEANS PARISH
DONNA ANDRIEU
ASSISTANT DISTRICT ATTORNEY
619 S. White St.
New Orleans, Louisiana 70119
        COUNNSEL FOR STATE/RESPONDENT

**WRIT GRANTED; RELIEF DENIED**

**JULY 24, 2019**

The defendant seeks review of the district court's May 23, 2019 ruling denying his petition for post-conviction relief. We grant the writ and deny relief for the reasons that follow.

**PROCEDURAL HISTORY**

Based on a CODIS (Combined DNA Index System) match, the State charged the defendant in 2012 with an aggravated rape which had occurred in 1994. The jury convicted him as charged and the court imposed the statutorily mandated term of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Rejecting claims that the court erred when it: (1) found him competent to proceed; (2) denied him the right to represent himself; (3) admitted other crimes evidence; (4) failed to administer a limiting instruction; and (5) permitted the state to argue facts not in evidence during its closing argument, this Court affirmed the conviction and sentence. State v. Williams, 2016-1192 (La. App. 4 Cir. 10/18/17), ___ So.3d ___. The Supreme Court denied writs. State v. Williams, 2017-1965 (La. 6/15/18), 257 So.3d 684.

On February 19, 2019, the defendant filed a motion for the production of his trial and sentencing transcripts, which the court denied. On May 20, 2019, the defendant filed an application for post-conviction relief and supporting memorandum. On May 23, 2019, the district court denied relief. On June 7,

1

2019, the defendant noticed his intent to seek writs and the court set a return date of August 7, 2019. His writ application seeking review of the adverse post-conviction rulings was filed in this Court on June 18, 2019.

**DISCUSSION**

The defendant first claims that the district court erred when it denied his motion for the production of his trial and sentencing transcripts. However, the defendant has done no more than make conclusory allegations and thus has not demonstrated a particularized need for the transcripts in this case. See State ex rel. Bernard v. Criminal Dist. Court Section J, 94-2247, pp. 1-2 (La. 4/28/95), 653 So.2d 1174, 1175 (access to material on collateral review "does not require the State to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents 'to comb the record for errors.'") (citing State ex rel. Payton v. Thiel, 315 So.2d 40 (La. 1975)). Moreover, the record was provided to the defendant on appeal so that he could file a *pro se* supplemental brief. This claim lacks merit.

As a substantive matter, the defendant claims that his appellate counsel rendered ineffective assistance by failing to raise three trial court errors on direct review: (1) that the court erred when it overruled his objection when the state referenced prior offenses during *voir dire*; (2) that the court erred when it overruled his objection on hearsay grounds to a portion of the State's opening statement; and (3) that the court erred when it denied his request for special jury instructions.

As an initial matter, as discussed above, this Court provided the defendant with the trial record on appeal and he filed a supplemental *pro se* brief on direct review. In this situation, the defendant's allegation concerning his appellate

2

counsel's deficient performance may be rejected on procedural grounds. See La. C.Cr.P. art. 930.4(C) ("If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court shall deny relief."). A review of our appellate opinion reveals that this Court largely addressed the issues that the defendant's claims were not addressed by appellate counsel and found they lacked merit. See La. C.Cr.P. art. 930.4(A) ("Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered."). The defendant points to no evidence suggesting that appellate counsel failed to pursue a viable claim on direct review. Accordingly, even absent the procedural bars, the defendant shows no entitlement to relief.

Given the unsupported and repetitive nature of the defendant's *pro se* post-conviction claims concerning his appellate counsel's failure to raise issues on direct review, he does not show that the district court erred when it denied relief summarily.

**WRIT GRANTED; RELIEF DENIED**