# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ALLEN ODELL WOODS

NO. 2022 KW 1335

MARCH 6, 2023

---

In Re:    Allen Odell Woods, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 10-16-0312.

---

BEFORE:   WELCH, PENZATO, AND LANIER, JJ.

**WRIT DENIED ON THE SHOWING MADE.** Relator failed to include a copy of the bill of information, the district court's ruling on his application for postconviction relief, the commissioner's report, the commitment order, all pertinent minute entries and/or transcripts, any evidence or documentation regarding his request for DNA testing, and any other portions of the district court record that might support the claims raised in the application for postconviction relief. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.

Moreover, without showing a particularized need, incarcerated indigents are entitled to a free copy of certain documents: **Boykin** transcript, bill of information, commitment papers, court minutes for various portions of the trial, and minutes of the sentencing. See **State ex rel. Simmons v. State,** 93-0275 (La. 12/16/94), 647 So.2d 1094, 1095 (per curiam). As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an adequate opportunity to present his claims fairly. Meeting that constitutional threshold requires a showing of a particularized need. An inmate therefore cannot make a showing of particularized need absent a properly filed application for postconviction relief, which sets out specific claims of constitutional errors requiring the requested documentation for support. See **State ex rel. Bernard v. Criminal District Court Section "J",** 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175 (per curiam). Furthermore, a copy of the judgment denying relief and written or transcribed reasons for the judgment shall be furnished to the petitioner. See La. Code Crim. P. art. 930.1.

JEW
AHP
WIL

COURT OF APPEAL, FIRST CIRCUIT

<u>*a.Sn*</u>
DEPUTY CLERK OF COURT
FOR THE COURT