# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

TYRONE M. SAJNA

NO. 2026 KW 0331

JUNE 1, 2026

---

In Re:    Tyrone M. Sajna, applying for supervisory writs, 18th Judicial District Court, Parish of West Baton Rouge, No. 210535.

---

**BEFORE:    THERIOT, BALFOUR, AND HAGGERTY,[1] JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** The ruling of the district court on the application for postconviction relief is vacated, in part, regarding relator's claim he was denied the right to a fair and impartial trial due to the State's improper use of peremptory challenges during voir dire in violation of **Batson v. Kentucky,** 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Relator has identified with reasonable specificity that his constitutional claims relating to alleged errors during voir dire might entitle him to postconviction relief. Therefore, he has demonstrated a "particularized need" for the voir dire transcripts. Accordingly, if it has not already done so, the district court is ordered to produce this transcript free of charge, see **United States v. MacCollom,** 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976); **State ex rel. Bernard v. Criminal District Court Section "J",** 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175, and then afford relator reasonable time to supplement his postconviction application with support from the record for only this claim. Thereafter, the district court shall determine whether the claim can be resolved summarily or require an evidentiary hearing. See La. Code Crim. P. arts. 929(A) & 930(A). In all other respects, the writ application is denied.

**MRT**
**KEB**
**BDH**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] **Haggerty, J.,** serving *pro tempore,* by special appointment of the Louisiana Supreme Court.