# Supreme Court of Louisiana

The Opinions handed down on the **29th day of June, 2017**, are as follows:

**BY HUGHES, J.**:

2016-CC-2078        JAMES E. BOREN v. EARL B. TAYLOR (Parish of St. Landry)

Retired Judge Freddie Pitcher, Jr. participated in this decision as Justice Ad Hoc, sitting for Genovese, J., recused in this case.

For the reasons stated, we reverse the appellate court decision, upholding the district court's denial of the plaintiff's petition for writ of mandamus, and we remand this matter to the district court with instructions to issue a writ of mandamus to the St. Landry Parish District Attorney, ordering compliance with La. R.S. 44:31 and La. R.S. 44:32, without regard to the provisions of La. R.S. 44:31.1, as to the public records request of plaintiff James E. Boren. We further instruct the district court to assess and award to plaintiff James E. Boren attorney fees, costs, and damages, as appropriate under La. R.S. 44:35.

REVERSED; REMANDED TO DISTRICT COURT WITH INSTRUCTIONS.

SUPREME COURT OF LOUISIANA

No. 2016-CC-2078

JAMES E. BOREN

VERSUS

EARL B. TAYLOR

**ON SUPERVISORY WRITS TO THE TWENTY-SEVENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. LANDRY**

**HUGHES, J.**[*]

This case presents the res nova issue of whether an attorney, representing an incarcerated felon, is subject to the provisions of La. R.S. 44:31.1, when making a public records request to obtain information relative to a potential post-conviction relief application.  Both the district court and the appellate court ruled in the affirmative.  For the following reasons, we reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

Attorney James E. Boren was retained by Stephan M. Bergeron to review his 2013 rape convictions to determine if there were any valid bases for post-conviction relief.[1]  Mr. Boren forwarded a written request on June 30, 2015 to the St. Landry District Attorney's office, seeking to review and copy records related to Mr. Bergeron's conviction under the Louisiana Public Records Law, La. R.S. 44:1 et seq.  Assistant District Attorney Donald J. Richard replied to the request, in a July 14, 2015 letter, requesting Mr. Boren disclose the nature of his relationship

---

[1] See **State v. Bergeron**, 14-608 (La. App. 3 Cir. 11/5/14), 150 So.3d 523, 526 (wherein the defendant's four convictions for rape of his former wife during their four-year marriage were affirmed).

[*] Retired Judge Freddie Pitcher, Jr. participated in this decision as Justice Ad Hoc, sitting for Genovese, J., recused in this case.

with Mr. Bergeron, i.e., whether Mr. Boren was "acting in any capacity in representing him in any post-conviction proceedings" and, if so, asking Mr. Boren to "set forth the grounds for post-conviction relief," along with his "personal representation that none of those grounds were raised on appeal." Mr. Boren responded by letter dated July 21, 2015, disclosing that he was retained by Mr. Bergeron to investigate his 2013 rape convictions to determine if there were any valid claims for post-conviction relief and that he was seeking access to files of the St. Landry Parish District Attorney's Office regarding that prosecution. Mr. Boren was thereafter notified by Mr. Richard's July 24, 2015 letter that his "response does not meet the requirements previously cited in our response letter dated July 14, 2015. Therefore, your request is **DENIED**." (Emphasis original.)

Mr. Boren then filed a "Petition for Writ of Mandamus and Review" on August 10, 2015, in the Twenty-Seventh Judicial District Court, pursuant to La. Const. Art. XII, § 3, La. C.C.P. arts. 3862-63, and La. R.S. 44:35. Mr. Boren also sought to collect from the defendant/custodian attorney fees, costs, and damages, under La. R.S. 44:35, for their failure to comply with his public records request.

Following an August 31, 2015 hearing, the district court denied Mr. Boren's petition for a writ of mandamus. A subsequent writ application to the appellate court was denied. **Boren v. Taylor**, 15-0911 (La. App. 3 Cir. 11/18/15) (unpublished). On Mr. Boren's application to this court, we granted the writ and remanded to the appellate court for briefing, argument, and full opinion. **Boren v. Taylor**, 15-2322 (La. 3/14/16) (unpublished writ action). On remand, the appellate court affirmed the district court ruling. **Boren v. Taylor**, 15-0911 (La. App. 3 Cir. 10/26/16), 206 So.3d 892. Thereafter, this court granted the plaintiff's writ application. **Boren v. Taylor**, 16-2078 (La. 1/23/17), 215 So.3d 262.

Mr. Boren asks this court to reverse the appellate court decision, contending, in essence: that the provisions of La. R.S. 44:31.1 apply only to an incarcerated

2

individual, not to an attorney; that La. R.S. 44:31.1 should be strictly construed so as not to diminish his right of access to public records because of his attorney-client relationship with an incarcerated individual; that the public records custodian (here, the district attorney) exceeded his authority to question a person seeking public records access beyond that allowed by La. R.S. 44:32(A); and that he is entitled to an award of attorney fees, costs, and damages, pursuant to La. R.S. 44:35.

## LAW AND ANALYSIS

The public's right to access public records is granted by Louisiana Constitution, Article XII, Section 3, which provides: "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law."

The legislature, by enacting the Public Records Law, La. R.S. 44:1 et seq., sought to guarantee, in the most expansive and unrestricted way possible, the right of the public to inspect and reproduce those records that the law deems public. See **Landis v. Moreau**, 00-1157, p. 4 (La. 2/21/01), 779 So.2d 691, 694-95; **Title Research Corporation v. Rausch**, 450 So.2d 933, 937 (La. 1984). In implementation of this right, La. R.S. 44:31(A) states, "Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees." Further, "any person of the age of majority may inspect, copy, or reproduce any public record," except "as otherwise specifically provided by law." La. R.S. 44:31(B). A public records custodian must "present any public record to any person of the age of majority who so requests," and the custodian "shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person . . . ." La. R.S. 44:32(A).

The legislature has further recognized that "it is essential to the operation of

3

a democratic government that the people be made aware of all exceptions, exemptions, and limitations to the laws pertaining to public records." La. R.S. 44:4.1(A). In order to foster the people's awareness, the legislature declared that "all exceptions, exemptions, and limitations to the laws pertaining to public records shall be provided for in [the Public Records Law] or the Constitution of Louisiana." **Id.** Any exception, exemption, and limitation to the laws pertaining to public records not provided for in the Public Records Law or in the Constitution of Louisiana has no effect. **Id.**

Thus, the Public Records Law must be construed liberally in favor of free and unrestricted access to public documents, and access to public records can be denied only when a law specifically and unequivocally provides otherwise. **Title Research Corporation v. Rausch**, 450 So.2d at 937. See also **DeSalvo v. State**, 624 So.2d 897, 902 (La. 1993), cert. denied, 510 U.S. 1117, 114 S.Ct. 1067, 127 L.Ed.2d 386 (1994); **Landis v. Moreau**, 779 So.2d at 695. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see; to allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights. **In re Matter Under Investigation**, 07-1853, p. 25 (La. 7/1/09), 15 So.3d 972, 989; **Capital City Press v. East Baton Rouge Parish Metropolitan Council**, 96-1979, p. 4 (La. 7/1/97), 696 So.2d 562, 564; **Title Research Corporation v. Rausch**, 450 So.2d at 936.

In this case, Mr. Boren's public records request was denied by the defendant/custodian on the basis of the exception set forth in La. R.S. 44:31.1, which provides:

> For the purposes of this Chapter, person does not include *an individual in custody after sentence following a felony conviction* who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article

4

930.3.  Notwithstanding the provisions contained in R.S.  44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3.  [Emphasis added.]

Both the district court and the appellate court in this case held that the provisions of La. R.S. 44:31.1 were applicable to the public records request of Mr. Boren, reasoning, in essence, that Mr. Boren stood in the shoes of his client, Stephan Bergeron, an incarcerated felon who had exhausted his appellate remedies. Therefore, the lower courts ruled that Mr. Boren was required to satisfy the necessary inquiries of the custodian (here, the St. Landry Parish District Attorney) to ascertain "if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3," as provided by La. R.S. 44:31.1.

As we noted hereinabove, however, La. Const. Art. XII, § 3 establishes a fundamental right in a "person" to "examine public documents," and this right may only be denied "in cases established by law."  The plain language of La. R.S. 44:31.1 only restricts the right of "an individual in custody after sentence following a felony conviction" to examine public documents.  Mr. Boren is not an individual in custody after sentence following a felony conviction.  Neither La. R.S. 44:31.1 nor any other law cited to, or discoverable by, this court restricts the right of a "person" on the basis of that person's status as an attorney representing a client.[2] Having found that La. R.S. 44:31.1 clearly and unambiguously applies only to "an individual in custody after sentence following a felony conviction," we find it

---

[2] When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.  La. C.C. art. 9; La. R.S. 1:4.

5

unnecessary to delve further into the intent of the legislature in enacting this statute.[3]

Mr. Boren's rights under the Public Records Law have not been "specifically and unequivocally" limited by any law.[4] See **Title Research Corporation v. Rausch**, 450 So.2d at 937. Therefore, his public records request to the defendant/custodian should have been evaluated under La. R.S. 44:31 and La. R.S. 44:32, allowing the custodian to inquire only as to the "identification of the person" seeking access to public records and whether he or she is "of the age of majority."

We note the defendant/custodian's argument in favor of the application of La. R.S. 44:31.1 to Mr. Boren's public records request, asserting that Mr. Boren was not acting as an "ordinary citizen" in making the request since he was "operating in a legally representative capacity" and that to allow Mr. Boren, under these circumstances, to avoid the application of La. R.S. 44:31.1 would give Mr. Boren's incarcerated client, Stephan Bergeron, "greater rights than he would have had without an attorney" and "more rights than all those other defendants incarcerated without attorneys." The plaintiff and amicus curiae[5] counter that applying the restrictions contained in La. R.S. 44:31.1 to an attorney representing

_____

[3] "The text of a law is the best evidence of legislative intent." La. R.S. 24:177(B)(1). It is only "[w]hen the meaning of a law cannot be ascertained by the application of the provisions of Chapter 2 of the Preliminary Title of the Louisiana Civil Code and Chapter 1 of Title 1 of the Louisiana Revised Statutes of 1950," that "the court shall consider the intent of the legislature." La. R.S. 24:177(A) (footnotes omitted).

[4] The extensive exceptions to the Public Records Law promulgated by the legislature demonstrate the recognition of the legislature of the need to expressly provide for such exceptions by a specific and express law when it deems appropriate. See, e.g., La. R.S. 44:1(A)(2)(b), (B); La. R.S. 44:2; La. R.S. 44:3; La. R.S. 44:3.1; La. R.S. 44:3.2; La. R.S. 44:3.3; La. R.S. 44:3.4; La. R.S. 44:4; La. R.S. 44:4.1(B), (C); La. R.S. 44:5; La. R.S. 44:10; La. R.S. 44:11; La. R.S. 44:12; La. R.S. 44:13; La. R.S. 44:14; La. R.S. 44:15; La. R.S. 44:16; La. R.S. 44:17; La. R.S. 44:18; La. R.S. 44:19; La. R.S. 44:20; La. R.S. 44:21; La. R.S. 44:21.1; La. R.S. 44:22; La. R.S. 44:23; La. R.S. 44:23.1.

[5] This court granted the motions of The Louisiana Press Association and the Innocence Project of New Orleans to file amicus curiae briefs in this case, in opposition to the position of the defendant/custodian.

an incarcerated felon would produce an absurd result, in that any other non-incarcerated person (such as other attorneys, court personnel, journalists, friends or relatives of the incarcerated felon, etc.) would have unfettered access (excepting the custodian's inquiry as to age and identity) to the public records sought while the rights of Mr. Boren would be diminished simply because he is representing Mr. Bergeron.  The Innocence Project of New Orleans also asserts, in its brief to this court, that in most cases grounds for post-conviction relief[6] are not knowable, citing La. C.Cr.P. art. 930.8(A)(1),[7] until public records are reviewed for error by an attorney,[8] such as when a prosecutor has impermissibly excluded jurors on the basis of racial bias, as discussed in **Batson v. Kentucky**, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1985),[9] or when a prosecutor has failed to turn over

---

[6] See La. C.Cr.P. art. 930.3 ("If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:  (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana; (2) The court exceeded its jurisdiction; (3) The conviction or sentence subjected him to double jeopardy; (4) The limitations on the institution of prosecution had expired; (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; . . . (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana[;] (7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.").

[7] Article 930.8(A)(1) provides:  "No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:  (1) The application alleges, and the petitioner proves or the state admits, that *the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys*."  (Emphasis added.)  The Innocence Project asserts that the provisions of Article 930.8(A)(1) illustrate the necessity of access to a prosecutor's file prior to the formulation of potential grounds for post-conviction relief, i.e., since the defendant and his attorney(s) only have knowledge, post-trial, of the contents of the trial record and trial attorney's file, new facts can only come from the prosecutor's file.

[8] See also La. C.Cr.P. art. 926(B)(5) (requiring that, in an application for post conviction relief, the plaintiff is required to allege, in his written petition, "[a]ll errors known or discoverable by the exercise of due diligence").

[9] In the lone dissent to the appellate court decision in this case, the dissenting judge cites as a compelling reason not to "blindly embrace the District Attorney's position" the circumstances underlying the decision in **Foster v. Chatman**, ___ U.S. ___, 136 S.Ct. 1737, 195 L.Ed.2d 1 (2016).  **Boren v. Taylor**, 206 So.3d at 901 (dissenting opinion).  In **Foster v. Chatman**, the defendant had been convicted of capital murder and sentenced to death.  However, by means of his attorney's post-trial efforts, evidence obtained under the state's public records law from the prosecutor's records revealed pervasive racial bias in the jury selection process and "demonstrate[d] a concerted effort to keep black prospective jurors off the jury."  See **Foster v. Chatman**, 136 S.Ct. at 1755.

exculpatory material to the defense, as required by **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Because the defendant/custodian denied Mr. Boren's public records request in this case on the basis of La. R.S. 44:31.1, for his failure to answer an inquiry as to "the grounds for post-conviction relief" to be put forth on behalf of Mr. Boren's client, Stephan Bergeron, the denial was improper. Therefore, Mr. Boren was entitled to the relief he sought in the district court, pursuant to La. R.S. 44:35, which authorizes "proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief" when a person has been denied the right to inspect public records, stating:

> A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
>
> B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
>
> C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
>
> D. If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
>
> E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or

arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorney fees to the custodian.

F. An award for attorney fees in any suit brought under the provisions of this Chapter shall not exceed the amounts approved by the attorney general for the employment of outside counsel.

Additionally, a plaintiff who prevails in a suit to enforce the right to view public records is entitled to collect attorney fees, costs, and damages, as set forth in La. R.S. 44:35. Accordingly, the district court erred in denying Mr. Boren's claim for attorney fees, costs, and damages under La. R.S. 44:35.

## DECREE

For the reasons stated, we reverse the appellate court decision, upholding the district court's denial of the plaintiff's petition for writ of mandamus, and we remand this matter to the district court with instructions to issue a writ of mandamus to the St. Landry Parish District Attorney, ordering compliance with La. R.S. 44:31 and La. R.S. 44:32, without regard to the provisions of La. R.S. 44:31.1, as to the public records request of plaintiff James E. Boren. We further instruct the district court to assess and award to plaintiff James E. Boren attorney fees, costs, and damages, as appropriate under La. R.S. 44:35.

**REVERSED; REMANDED TO DISTRICT COURT WITH INSTRUCTIONS**.