CHEHARDY, C.J.
This case arises in the context of a public records request. At issue is whether the Jefferson Parish District Attorney's internal memoranda are presently subject to disclosure under the Louisiana Public Records Act. Concluding that the memoranda are records pertaining to a matter reasonably anticipated to lead to further criminal litigation, we affirm the trial court's finding that the memoranda are *181 exempt from disclosure pursuant to La. R.S. 44:3 (A)(1).
FACTUAL AND PROCEDURAL HISTORY
On November 16, 2000, Frank Kang was found guilty by a twelve-person jury of second degree murder. This Court affirmed Kang's conviction and the Louisiana Supreme Court denied certiorari. See State v. Kang , 01-1262 (La. App. 5 Cir. 2/23/04), 866 So.2d 408, writ denied , 04-944 (La. 11/24/04), 888 So.2d 226. Almost sixteen years later, Kang petitioned the Jefferson Parish District Attorney ("JPDA") to support his request to vacate his second degree murder conviction and life sentence in exchange for his plea of guilty to manslaughter. At the time, Kang's federal habeas proceeding was stayed[1] and, on May 3, 2016, Kang filed his second application for post-conviction relief asserting his claim of "actual innocence." Kang specifically contends that, although he confessed before and during trial to being the shooter, he did not, in fact, shoot the victim in this incident.
In order to prepare its response to Kang's request, JPDA opened an investigation into Kang's request. Specifically, the Chief Investigator for the JPDA, Vince Lamia, interviewed a number of witnesses while investigating Kang's claim of actual innocence. After obtaining statements from several witnesses, Lamia wrote internal memoranda to his superiors, including the First Assistant District Attorney Steve Wimberley, to facilitate the JPDA's response to Kang's request.
On March 12, 2018, Ms. Pardee, counsel for Frank Kang,[2] sent a letter to the Jefferson Parish District Attorney's office seeking "production of the following public records related to State v. Kang , No. 00-1409:"
(1) Any and all transcripts, notes, recordings, or other documentation or tangible things reflecting the statements of Lucy Kim to the Jefferson Parish District Attorney's Office and its investigator(s) and attorney(s) made on or after January 1, 2016;
(2) Any and all transcripts, notes, recordings, or other documentation or tangible things reflecting the statements of Chui-Min "Charlie" Kang to the Jefferson Parish District Attorney's Office and its investigator(s) and attorney(s) made on or after January 1, 2016;
(3) Any and all transcripts, notes, recordings, or other documentation or tangible things reflecting the statements of Davidson Ehle to the Jefferson Parish District Attorney's Office and its investigator(s) and attorney(s) concerning Frank Kang made on or after January 1, 2016;
(4) Any and all transcripts, notes, recordings, or other documentation or tangible things reflecting the statements of Richard Pickins to the Jefferson Parish District Attorney's Office and its investigator(s) and attorney(s) concerning *182 Frank Kang made on or after January 1, 2016;
(5) Any and all investigative memoranda authored by Investigator Vince Lamia regarding Frank Kang and/or the investigation of Frank Kang's case.
On April 26, 2018, the JPDA produced the requested statements but, on the basis of privilege, declined to produce the Chief Investigator's internal memoranda as they were created "for the purposes of and in context of the outstanding post-conviction proceedings."
On August 1, 2018, Ms. Pardee, pursuant to La. R.S. 44:35, filed a petition for writ of mandamus in the Twenty-Fourth Judicial District Court requesting the trial court to compel the JPDA to disclose its Chief Investigator's memoranda. On October 25, 2018, the court heard the matter and refused to issue a writ of mandamus. In its ruling, the trial court noted that the Chief Investigator's memoranda were privileged because the memoranda in question were written in response to "an open criminal investigation [in] ongoing litigation."[3] Ms. Pardee now appeals that ruling.[4]
DISCUSSION
The public's right of access to public records is a fundamental right guaranteed by the Louisiana Constitution. La. Const. Ann. art. XII, § 3. That right of access must be liberally construed in favor of free and unrestricted access, which can only be denied when a law specifically and unequivocally provides otherwise. Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La. 1984).
The Louisiana Legislature has provided for the examination of public documents in the Louisiana Public Records Law, La. R.S. 44:1 et seq. Further, there is a specific statutory exemption for records pertaining to pending criminal litigation. See La. R.S. 44:3(A)(1). This exemption is temporary, denying access only until pending or reasonably anticipated criminal litigation has been finally adjudicated or otherwise settled. Landis v. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691, 695. Nevertheless, the exemption applies to prevent the required public disclosure of investigative records as long as criminal litigation is pending or reasonably anticipated until that litigation has been finally adjudicated or otherwise settled. In re Matter Under Investigation , 07-1853 (La. 7/1/09), 15 So.3d 972, 990.
The burden of proving that the file is not subject to inspection, copying, or reproduction by a member of the public rests with the custodian. La. R.S. 44:31(3). Whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to access. Landis v. Moreau, 779 So.2d at 694. Whether such a record is subject to disclosure must be determined at an adversary hearing on a case-by-case basis. Cormier v. Public Records Request of Di Giulio, 553 So.2d 806 (La. 1989).
After the adversarial hearing on Ms. Pardee's petition, the trial court found *183 that there is potentially further criminal litigation, which protects the JPDA's investigative file from disclosure at this juncture. Although Ms. Pardee vociferously argues that Mr. Kang's conviction is final and, thus, all records must be disclosed, we find that Mr. Kang's request to vacate his conviction and sentence and allow him to plead guilty to a lesser offense may result in further criminal litigation, i.e., his criminal case could potentially be re-opened. Further, as noted by the trial court, the requested records were created solely to investigate Kang's actual innocence, which may result in the re-opening of the case against him.
Our reading of the plain language of the statute confirms the trial court's holding that nothing in the Public Records Act shall require disclosure of records held by the "offices of ... district attorneys" when the records pertain to pending or reasonably anticipated criminal litigation until the criminal litigation has been finally adjudicated or otherwise settled. See La. R.S. 44:3(A)(1) ; Investigation, 15 So.3d at 991. We do not consider the JPDA's production of witness statements taken by the investigator to constitute a waiver of the JPDA's right to invoke the exception with respect to the investigator's memoranda. Because the records at issue pertain to a matter reasonably anticipated to lead to further criminal litigation, the investigator's memoranda are covered by the La. R.S. 44:3(A)(1) exemption, and the trial court did not err in finding that, at this time, disclosure is not required under the Public Records Act. Investigation, 15 So.3d at 991. Accordingly, the trial court's refusal to issue a writ of mandamus is affirmed.
AFFIRMED.

On March 7, 2016, the federal magistrate stayed Kang's habeas proceeding, finding:
Under the compelling circumstances of this case, and because of the substantial likelihood that this court will at some point be considering the merits of Kang's claims and arguments once further proceedings in the state courts are exhausted, this matter will be stayed to allow Kang to complete exhaustion in the state courts.
Kang v. Cain , 15-2318 (E.D. La. 3/7/16), 2016 WL 866728 at *2.

An attorney, representing an incarcerated felon, is not subject to the provisions of La. R.S. 44:31.1, when making a public records request to obtain information relative to a potential post-conviction relief application. Boren v. Taylor , 16-2078 (La. 6/29/17), 223 So.3d 1130.

Kang's second application for post-conviction relief is pending. On January 9, 2019, this Court remanded Kang's second application for post-conviction relief to the district court "to address whether relator has presented newly discovered exculpatory evidence that meets the exception of the time bar under La. C.Cr.P. art. 930.8... and if so, to consider the merits of relator's discovery motions and his second APCR, and if necessary to conduct an evidentiary hearing." State v. Kang , 18-155 (La. App. 1/9/19), 2019 WL 150635, --- So.3d ----.

Pursuant to La. R.S. 44:35(C), this matter was placed on this Court's preferential docket and heard without delay. Further, this decision was rendered as soon as practicable.